ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MAYRA A. ALLENDE HERNÁNDEZ<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>RECURRIDO | KLRA202400622 | *REVISIÓN JUDICIAL* procedente del Departamento de la Familia de Puerto Rico<br><br>_____ |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G. Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece Mayra A. Allende Hernández ("Recurrente" o "Sra. Allende") y solicita que revisemos una determinación del Departamento de la Familia ("Departamento") a fin de evaluar si cualifica nuevamente[1] para el *Programa Especial de Nutrición Suplementaria para Mujeres, Infantes y Niños*, conocido como WIC, por sus siglas en inglés.

Por los fundamentos que exponemos a continuación, se **desestima** el recurso por falta de jurisdicción.

-I-

Según surge del expediente de epígrafe, la Sra. Allende interesa que este Tribunal revise una determinación del Departamento referente a su derecho de cualificar para el *Programa Especial de Nutrición Suplementaria para Mujeres, Infantes y Niños*, mejor conocido como WIC. A tales efectos,

---

[1] Según alega la Sra. Allende, el caso fue cerrado, sin embargo, su solicitud apunta a que se revise dicha determinación.

NÚMERO IDENTIFICADOR

SEN2024_____

el 6 de septiembre de 2024 la Recurrente acudió ante este foro, sin embargo, no presentó los aranceles según requerido por ley. Así las cosas, y luego de que este Tribunal le notificara el defecto, el mismo fue corregido el 4 de noviembre de 2024. Sin embargo, en esta ocasión la Sra. Allende no presentó los documentos y anejos que habían sido previamente sometidos. Así las cosas, la Recurrente se limitó a presentar un documento titulado *"Recurso de Revisión Administrativa"* en el cual expresó lo siguiente:

> *Yo Mayra A. Allende Hernández a tribunal de apelaciones [sic] con todo respeto me dirijo a usted yo hize [sic] una apelación por cierre de caso pero no tengo los recursos para un abogado yo solo [sic] queria [sic] una revision [sic] del caso para saber si cualificaba nuevamente para los cupones ya que me cerraron el caso y el ingreso mio [sic] es muy poco trabajo en un fast food solo [sic] 18 horas semanales mi hija pequeña recibe su seguro social la cantidad $507 mensuales.*[2]

-II-

**A. Jurisdicción**

Es norma reiterada en nuestro ordenamiento jurídico procesal que los *"tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen."*[3] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[4] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[5]

Por otro lado, nuestro ordenamiento jurídico le reconoce a todo ciudadano el derecho estatutario a recurrir de las

---

[2] Véase recurso de revisión administrativa.
[3] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[4] *Allied Mgmt. Grp.*, Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[5] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

decisiones de un organismo inferior.[6] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento.[7] El incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial.[8] Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[9]

A pesar de que se ha dicho que un foro apelativo debe aplicar su reglamento de manera flexible, esta aplicación se emplea únicamente:

> […] *en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación, sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro* […][10]

Se ha resuelto que el promovente de un recurso está obligado a cumplir con lo dispuesto en el reglamento para poder perfeccionar su recurso, ya que su incumplimiento podría acarrear su desestimación.[11] Por tanto, reiteramos que este Tribunal tiene la discreción para determinar si procede desestimar un recurso por incumplimiento con nuestro Reglamento, toda vez que para poder adquirir jurisdicción sobre un asunto es indispensable que el recurso presentado ante este Tribunal quede perfeccionado.[12]

---

[6] *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019).
[7] *Íd* a la pág. 590.
[8] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).
[9] *Isleta v. Inversiones Isleta Marina*, supra, a la pág. 590; *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 176 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008).
[10] *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998). (Énfasis omitido). (Citas omitidas).
[11] *Febles v. Romar*, 159 DPR 714 (2003).
[12] *Íd.*

### B. Regla 59 – Contenido del recurso de revisión

Nuestro Reglamento requiere que los recursos de revisión judicial contengan, en lo pertinente, lo siguiente:

[…]

(3) Información del caso

Deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia.

[…]

(B) Índice

Inmediatamente después, habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
(a) En la comparecencia, el nombre de los recurrentes.
(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.
(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.
(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

(3) El Apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

(4) Todas las páginas del Apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el Apéndice contendrá un índice que indicará la página en que aparece cada documento.[13]

-III-

El recurso de revisión presentado por la Peticionaria adolece de serias deficiencias respecto a los requisitos enumerados en la Regla 59 del Reglamento de este Tribunal. Veamos.

Primeramente, el recurso carece de la información esencial sobre la agencia de la cual proviene, el número de identificación del trámite administrativo y la materia. Además, el recurso tampoco contiene un Índice con las autoridades citadas.

Por otra parte, en cuanto al contenido del recurso, la Recurrente omitió las citas de las disposiciones legales que establecen la jurisdicción y competencia del tribunal. Además, es menester señalar que, a pesar de encontrarnos ante un recurso de *revisión* administrativa, la Sra. Allende no hizo referencia a la decisión cuya revisión solicita. Este es un elemento esencial para que el tribunal revisor pueda evaluar la controversia ante sí. Por su parte, la Sra. Allende tampoco presentó una relación fiel y concisa de los hechos procesales e importantes del caso. En su lugar, se limitó a indicar que hizo una apelación por cierre de caso y por no tener los recursos para contratar a un abogado[14], le solicita a este Tribunal que revise la determinación tomada por el Departamento. De igual forma ocurre con los señalamientos de error y la discusión de estos. La Recurrente

---

[13] Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59.

[14] El Tribunal Supremo de Puerto Rico ha sido enfático al señalar que una persona que acude a un tribunal por derecho propio tiene el mismo deber de cumplir con las formalidades que se requieren, que aquel que acude con representación legal. Véase *Febles v. Romar*, 159 DPR 714 (2003).

no señaló los errores que, a su juicio, cometió el Departamento en su determinación.

Finalmente, y según expusimos en el acápite II, nuestro Reglamento requiere que los recursos de revisión administrativa contengan un Apéndice en el que se incluyan las alegaciones de las partes, la resolución objeto de revisión, así como cualquier otro documento relevante. En el presente caso, el recurso no cuenta con un Apéndice.

Por lo tanto, ante un escenario como el de autos en el que la Sra. Allende no cumplió con el Reglamento de este Tribunal, no nos resta más que desestimar el recurso por falta de jurisdicción al amparo de la Regla 59 del Reglamento del Tribunal de Apelaciones.

-IV-

Por los fundamentos antes expresados, se ***desestima*** el recurso de revisión administrativa por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones